BEN WILLIAMS v. THE STATE.

No. 8111. Decided October 22, 1924.

Rehearing denied November 28, 1924.

Embezzlement—Appropriation—What is.

The intent to permanently appropriate the property embezzled must be shown. The evidence in this case clearly shows such an intent on the part of appellant, at the time the property was appropriated by him.

Appeal from the District Court of Wichita County. Tried below before the Hon. P. A. Martin, Judge.

Appeal from a conviction of embezzlement; penalty, two years in the penitentiary.

*Bonner, Bonner & Storey,* and *Davenport, Cummings & Thornton,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Wichita County of embezzlement, and his punishment fixed at two years in the penitentiary.

A. H. Boykin was in the employ of the M. K. & T. Ry. Co and received from them his monthly pay check for $76.60. The railroad shops were located a mile or two out from the business part of town. Boykin in company with a number of other employes of the company turned their checks over to appellant to be by him taken to the bank and cashed. For this service he was to receive from each of them 25 cents. On the same day after appellant came into possession of Boykin's money he returned to the shops with the statement that he had been highjacked, had been held up and robbed by·a man of all of the money of said employes of the railroad company. After a short investigation by the authorities appellant was arrested and put in jail upon suspicion that his story of having been robbed was a fabrication. After being in jail two days appellant sent for a deputy sheriff with whom he went to a point on the Electra and Wichita Falls road about two miles from town at which point appellant told him the money was there hidden in a tin can in a gutter down beside a bridge near the road. The officer found the money in a ten gallon rusty can which he said was sort of mashed together. It was in a concrete culvert. On the way out to the place appellant told him of the plan that he and another party had·made to appropriate the money and claim to have been robbed. The officers took the money from the place where they found it and returned it to the several owners. In our judgment these facts sufficiently show an embezzlement. They showed that appellant was the agent of Boykin, as alleged in the indictment, and that as such agent the money of Boykin came into his possession and that same was by him fraudulently converted. We do not regard the case as at all similar to that of Pye v. State, 171 S. W. Rep., 744, which is cited by appellant in support of the proposition that unless the facts show the money was permanently appropriated, same would not make out the offense of embezzlement. In the Pye case the accused openly used a note as security for a debt

owed by him, the facts indicating that he did not regard the note as of any value and that he had no intention of permanent appropriation. The facts in this case do not show anything of the sort, but on the contrary do show that there was no suggestion of lack of intent to permanently appropriate and convert the money until after appellant was arrested and charged with the offense. Many authorities in this State could be cited upon the question of voluntary return of stolen property which adhere to the rule that such return is not voluntary unless made before the arrest of the accused or his being charged with the theft.

There are a number of bills of exception in the record each one of which has been examined by us but in none of which do we find any error. No good could be subserved by a discussion of them *seriatim*. We do not think that any question could arise at all under the facts, of the agency of appellant, nor of his appropriation of the property of his principal, nor of the permanent character of appropriation intended at the time same was converted. Appellant did not take the stand and testify in his own behalf that he did not intend to appropriate the money, nor that he was not the agent of Boykin, nor give ground for any of the contentions made by his counsel along that line.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*